**B. TERFLOTH and CIE (CANADA) INC., Plaintiff,**

v.

**M/V TROPIC LURE, her engines, tackle, etc., Birdsall Shipping Co., Ltd., and Tropical Shipping & Construction Company, Ltd., Defendants.**

No. 86–8632–CIV.

United States District Court, S.D. Florida.

Aug. 3, 1987.

John D. Kallen, North Miami, Fla., for plaintiff.

William R. Boeringer, Coral Gables, Fla., for defendant.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

EDWARD B. DAVIS, District Judge.

THIS MATTER is before the Court on Defendants' Motion for Partial Summary Judgment. Upon due consideration of Defendants' Motion and Memorandum of Law and Plaintiff's Response thereto, it is

ORDERED AND ADJUDGED that Defendants' Motion for Partial Summary Judgment to limit Plaintiff's damage recovery to $11,000 is GRANTED.

### DISCUSSION

This is an action to recover for damage to cargo transported by Defendants TROPICAL SHIPPING AND CONSTRUCTION COMPANY, LTD., BIRDSALL SHIPPING CO., LTD. and M/V TROPIC LURE [hereinafter collectively referred to as "TROPICAL"] from West Palm Beach, Florida to Barbados, West Indies. The cargo shipped was one refrigerated trailer said to contain 1050 pieces of frozen poultry parts.

Since this suit involves a claim for loss of cargo carried in foreign trade, the Carriage of Goods by Sea Act [hereinafter "COGSA"], 46 U.S.C. Sections 1300 *et seq.*, is applicable. Section 1304(5) of that Act provides, in pertinent part, that

[n]either the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.

Section 1304(5) of COGSA was recently interpreted by the Eleventh Circuit Court of Appeals in *Hayes–Leger Associates, Inc.*

*v. M/V Oriental Knight,* 765 F.2d 1076 (11th Cir.1985). Before the Court in that case was a bill of lading similar to that at issue in this action. The bill of lading in *Hayes–Leger* listed the number of packages as "ONE CONTAINER ONLY" and described the goods being shipped as "1 CONTAINER SAID TO CONTAIN 3,542 PCS. WOVEN BASKETS AND RATTAN FURNITURES (sic)." *Id.* at 1081. The Eleventh Circuit found that this description was insufficient to indicate to the carrier that the goods being shipped were packaged. Furthermore, the Court observed that the above recited description of goods failed to reveal the number of COGSA packages enclosed within the shipping container for damage limitation purposes.

Although establishing a different rule for prospective application, the Eleventh Circuit in *Hayes–Leger* held that for bills of lading prepared prior to July 16, 1985, courts should apply the "goods not shipped in packages" test in situations where the shipment is described as one container. In such situations, i.e., for "goods not shipped in packages", COGSA provides that a carrier's liability shall be limited to $500 per customary freight unit. *Aluminios Pozuelo Limited v. S.S. Navigator,* 407 F.2d 152, 156 (2nd Cir.1968).

■ The issue presented by Defendants' Motion for Partial Summary Judgment concerns the proper application of Section 1304(5) to the facts of this case. Defendants contend that based on the holding in *Hayes–Leger,* this transaction should be treated as one for goods not shipped in packages. Therefore, pursuant to Section 1304(5), Defendants request this Court to enter an order limiting the Defendants' liability to $500 per customary freight unit.

The bill of lading at issue in this action is dated September 6, 1984 and consequently was issued before the date of the *Hayes–Leger* decision. Said bill of lading lists the "Quantity" being shipped as "1" and de-

scribes the goods being shipped as one "40 FT REEFER[1] CONTAINER S.T.C.[2] 1050 PCS. FROZEN POULTRY PARTS." As was the case in *Hayes–Leger,* the above-recited description of goods failed to indicate to TROPICAL that the goods being shipped were packaged and failed to apprise TROPICAL of the number of COGSA packages contained within said reefer container for Section 1304(5) purposes.

Applying the Eleventh Circuit's holding in *Hayes–Leger* to the facts of this case, the Court finds that the instant bill of lading must be considered one for "goods not shipped in packages." Accordingly, Plaintiff shall be limited to recovering $500 per customary freight unit.

■ The customary freight unit for damage limitation purposes is a question of fact that varies from contract to contract. *Id.* at 1081 n. 10. This term "refers to the unit upon which the charge for freight is computed" as oppose to the physical shipping unit. *Caterpillar Americas Co. v. S/S "Sea Roads",* 231 F.Supp. 647, 649 (S.D.Fla.1964), *aff'd,* 364 F.2d 829 (5th Cir. 1966). For the instant shipment, Defendants contend that freight was computed on a "weight" basis of $130 per ton for 22 tons and that the customary freight unit is therefore equal to the number of tons.[3] Accordingly, Defendants request the Court to enter summary judgment restricting Plaintiff's recovery to a maximum of $11,000, i.e., $500 per ton for 22 tons.

Plaintiff objects to Defendants' contention that the customary freight unit for the shipment at issue is the number of tons. Although objecting to Defendants' contention, Plaintiff fails to submit affidavits or other proof supporting a different unit upon which the Court could base the customary freight unit for Section 1304(5) purposes. Indeed, Plaintiff merely argues that the customary freight unit for the instant shipment is a question of fact to be

1. A "reefer" is a refrigerated container or trailer used to ship chilled or frozen foods.

2. S.T.C. means "said to contain" and is a designation used when a container is loaded and sealed by the shipper.

3. This contention is supported by the Bill of Lading attached to Defendants' Motion.

determined "based upon the parties intent, the applicable tariff, and other evidence—none of which has been presented to this Court." [4] This Court finds Plaintiff's offer of proof insufficient to meet its nonmoving party's burden for Rule 56 purposes. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).[5] Accordingly, Defendant's Motion to limit Plaintiff's damage recovery to $11,000 is granted.

---

**4.** Plaintiff's Response to the Defendants' Motion for Partial Summary Judgment, p. 4.

**5.** "Rule 56 ... requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 106 S.Ct. at 2553.